# STANDING ORDER IN CIVIL CASES ASSIGNED TO JUDGE MICAELA ALVAREZ

The disposition of civil cases will be controlled by the following Order, which supersedes any prior standing order(s) issued in this case.

## I. GENERAL

### A. CITATIONS

**To the record.** The facts set forth in any motion shall include a citation to a particular pleading or other part of the record. The Court will not search the record for evidence and may not consider any evidence that is not specifically cited in the parties' briefs.

**To authority.** All case citations shall use the appropriate Westlaw—not Lexis—citation, when available.

### B. MOTIONS PRACTICE

The parties shall not file advisories, notices, or other unsolicited papers for the purpose of seeking relief or inviting judicial action, unless expressly authorized. Any party seeking relief or any other action by the Court must file an appropriate motion in accordance with Federal Rule of Civil Procedure 7(b), all applicable Local Rules, and this Court's prior orders.

A party should not file a motion and separate "Memorandum of Law." The motion itself should include the party's argument and citations to authority supporting the relief sought therein.

The title of every motion seeking non-dispositive relief must state whether the motion is "Joint," "Unopposed," or "Opposed." For example: "Plaintiff's Unopposed Motion to Extend Deadline" or "Defendant's Opposed Motion to Compel."

The Court shall strike any non-dispositive motions that do not include a Certificate of Conference. *See* W.D. Tex. R. CV-7(g).

Generally, the Court disfavors motions to maintain filings under seal and expects parties to draft such submissions in a manner that does not disclose confidential information. W.D. Tex. R. CV-5.2(b). Redaction is preferable to sealing a case or a particular filing. Even when filing a document under seal may be warranted, it is better for the sealed document to be an exhibit rather than the entire filing. If a party wishes to file a pleading, motion, or exhibit under seal, the party must first obtain leave of court by motion with citations to authority in support of filing under seal. The item will be admitted under seal if the court deems such filing to be necessary.

The Court reminds counsel that expert witness designations, rebuttal designations, and accompanying documents pursuant to Federal Rule of Civil Procedure 26 are not to be filed with the Court, and any such filing shall be struck without further notice. These documents are to be exchanged between the parties only, in accordance with applicable statutory/scheduled deadlines. The Court does not require or accept the filing of expert designations unless and until such documents are relevant to a motion, hearing, or other judicial proceedings, in which case they may be attached as exhibits as necessary.

### C. Preemptive Notices of Unavailability

A party's unilateral notice of counsel's anticipated unavailability will not alter any deadline, hearing, or other scheduled event, and shall not be considered by the Court. Requests to continue or otherwise adjust a Court-scheduled event must be made by motion and comply with the Federal Rules of Civil Procedure, applicable Local Rules, and this Court's prior orders.

## II. NOTICE TO PARTIES ASSERTING FEDERAL JURISDICTION IN DIVERSITY CASES

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all parties on one side of the controversy be citizens of different states from all parties on the other side. The party asserting federal jurisdiction in a diversity action has the burden to demonstrate complete diversity. *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001). Parties must make "clear, distinct, and precise affirmative jurisdictional allegations." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 313 (5th Cir. 2019).

### A. Individuals

For individuals, pleading residence is insufficient; the notice of removal must plead their citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 313 (5th Cir. 2019).

### B. LLCs, Partnerships, and Unincorporated Associations

The citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). Similarly, the citizenship of a partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Assocs*., 494 U.S. 185, 195–96 (1990); *Corfield v. Dallas Glen Hills, L.P*., 355 F.3d 853, 856 n.3 (5th Cir. 2003). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd*., 851 F.3d 530, 536 (5th Cir. 2017). When members or partners are themselves entities or associations,

citizenship must be traced through however many layers of members/partners there are until arriving at the entity that is not a limited liability entity or partnership and identifying its citizenship status. *See, e.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009).

### C. CORPORATIONS

A corporation is a citizen of its state(s) of incorporation and of the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The removing party must allege both a corporation's state(s) of incorporation and its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

## III. REMOVED CASES

### A. STATE COURT RECORD

Pursuant to 28 U.S.C. § 1447(b), the removing party or parties shall include in the Notice of Removal all state court pleadings and filings essential to the claim before the Court. This inclusion may not in all cases require the entire state record, but shall include the state court docket sheet. If the notice of removal and the record at the time of removal fail to establish subject-matter jurisdiction, the Court may, in its discretion, remand the action *sua sponte* pursuant to 28 U.S.C. § 1447(c), without prior notice or opportunity for the removing party to amend or supplement its jurisdictional allegations.

### B. PLEADING CITIZENSHIP OF ALL PARTIES

If this case has been removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332, the removing party has the burden to demonstrate there is complete diversity by properly pleading the citizenship of all parties. *See supra* Part II. Failure to allege clear diversity of citizenship upon removal may result in the Court's remanding this action without further notice.

### C. AMOUNT IN CONTROVERSY

The removing party must state facts that show the amount-in-controversy exceed the minimum diversity jurisdiction threshold of $75,000. Merely stating that Plaintiff seeks an amount no more than $250,000, maintaining that the maximum amount recoverable from a policy or contract exceeds the diversity jurisdiction threshold, or relying on similarly broad language is insufficient.

### D. REFILE PENDING MOTIONS

Any motion filed in state court prior to removal that requires resolution by this Court must be refiled as a new motion.

## IV. DISCOVERY DISPUTES

Pursuant to Federal Rule of Civil Procedure 37(a)(1), a person may move for an order compelling disclosure or discovery only on notice to other parties and after a good faith attempt to confer with the noncompliant person or party in an effort to resolve the dispute without court action.

The Court will not consider a motion concerning a discovery dispute unless, before filing, the movant has served the opposing party or parties with a copy of the proposed motion and conferred in good faith to resolve each issue presented without Court intervention. The required conference must involve direct, substantive communication between counsel with authority to resolve the dispute. The exchange of unilateral letters, emails, or other written communications alone does not satisfy this requirement.

A certification stating only that counsel "conferred" or "attempted to confer" is likewise insufficient. Any motion concerning a discovery dispute must include a Certificate of Conference providing a concise description of the good-faith efforts undertaken to resolve the dispute without Court intervention, including:

1. The date(s) and method(s) of the conference;
2. The names and roles of all persons who participated;
3. The total duration of the conference(s);
4. The positions of each affected party as to the requested relief.

Failure to comply with the above requirement may result in the motion being denied without prejudice or stricken.

IT IS SO ORDERED.

M. Alvarez

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE